* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Hall with minor modifications.
 * * * * * * * * * * * The following were received into evidence as: *Page 2 
 EXHIBITS
1. Stipulated Exhibit No. 1 — Thompson medical records, medical bills, and rating.
2. Plaintiff Putnam's Exhibit No. 1 — Invoices of hours submitted by Randy Alexander.
3. Defendant Randy Alexander Exhibit No. 1 — Statement Putnam signed in hospital.
 * * * * * * * * * * * ISSUES PRESENTED
1. Whether an employment relationship existed between plaintiff and Randy Alexander or between plaintiff and Majestic Mountain Construction, Inc.
2. Whether Majestic Mountain Construction, Inc. is a statutory employer under N.C. Gen. Stat. § 97-19.
3. Whether plaintiff met his burden of proof to establish a compensable claim.
4. Whether any penalties should be assessed for failing to provide workers' compensation insurance as required by the Act.
 * * * * * * * * * * *
Based upon all the competent evidence of record, the undersigned makes the following:
 FINDINGS OF FACT
1. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
2. Plaintiff was 37 years old at the time of the hearing before the deputy commissioner. Plaintiff's prior work history was in the construction industry doing carpentry work. *Page 3 
3. Plaintiff began working as a carpenter for defendant Randy Alexander in or about March 2005, approximately three to four months prior to his June 16, 2005 injury. At the time of plaintiff's injury, plaintiff was employed by defendant Randy Alexander, a subcontractor for defendant Majestic Mountain Construction, Inc., which was owned by Marsha Patterson-Jones, constructing custom villas or town homes in Glenville, North Carolina. Ms. Patterson-Jones was the general contractor that pulled the permits for the job on which plaintiff was injured.
4. Ben Jones, Ms. Patterson-Jones' husband, was the site manager for the property on which defendant Majestic Mountain was developing and plaintiff was working. Mr. Jones hired the subcontractors, told them what to do, checked to make sure the work was being done properly, and reported back to his wife on what materials needed to be ordered. Mr. Jones is not a licensed contractor. Majestic Mountain Construction, Inc. provided the materials for the job.
5. Ben Jones indicated that all the subcontractors were required to have workers' compensation insurance and that Randy Alexander was going to provide him with proof of coverage. Mr. Alexander never provided proof of coverage. Mike Jones, a subcontractor that had his own crew and also did carpentry work on the same jobsite as Mr. Alexander, did have workers' compensation according to Ben Jones, as did some of the other subcontractors.
6. Mr. Alexander gave Mr. Jones invoices with the number of hours for his employees. Mr. Alexander made money on his crew by charging the general contractor more per hour for his crew than the hourly amount he actually paid his crew. Mr. Jones said that he did not recall seeing invoices with hours on them and that he dealt with subcontractors on contract prices based on a certain amount of money per measurements such as per square or linear feet.
7. William Patterson testified that he was the majority owner of the property where the accident subject of this case occurred. Mr. Patterson said that Majestic Mountain *Page 4 
Construction, Inc., which was owned by his daughter, did not get paid on a regular basis, but got paid on the sale of the units. Mr. Patterson said that his daughter was part owner of the property although she was not on the deed; however, no documents were produced to support that assertion. Mr. Patterson needed a general contractor to pull permits on the construction job and was able to get Majestic Mountain Construction, Inc. to operate in that capacity with an agreement that the general contractor would not get paid until the units sold.
8. On June 16, 2005, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant Randy Alexander. Mr. Alexander did not have workers' compensation insurance and did not provide proof of insurance to the general contractor.
9. Randy Alexander, Michael Putman, Tim Tanner, and plaintiff were working on a second-story deck that collapsed and broke away from the town home, causing plaintiff to fall approximately 15 to 16 feet onto a lower deck, then fall to the ground approximately 10 feet below the lower deck, and then down an embankment.
10. Plaintiff was then transported to Harris Regional Hospital in Sylva, North Carolina by ambulance and then to Mission St. Joseph Hospital on the same date. Plaintiff was diagnosed with multiple left rib fractures, collapsed lung, skull fracture, and left wrist fractures. On June 20, 2005, plaintiff underwent a closed reduction and pinning of left distal radius fracture and was discharged on June 25, 2005. On July 14, 2005, plaintiff underwent a closed reduction and percutaneous pinning of radius styloid with multiple K wires.
11. Plaintiff participated in physical therapy until he was discharged on October 11, 2005 and continued to perform exercises at home. Due to the collapsed lung, plaintiff had on-going respiratory problems and pneumonia. *Page 5 
12. Pursuant to orders from Dr. Kenneth W. Graf of Trauma Orthopedic Surgery, plaintiff was unable to work from June 16, 2005 through April 26, 2006 as a result of his compensable injury.
13. Plaintiff was released to return to work on April 26, 2006 with no restrictions. At that time, plaintiff began working full time with Engineered Refrigeration System servicing restaurants and businesses.
14. Since the time of his release, plaintiff has continued to have difficulty with strength, swelling, decreased range of motion, weakness of pinch and grip, and pain in the left wrist. Plaintiff continued to see Dr. James S. Thompson with Blue Ridge Bone and Joint in Asheville, North Carolina for care and treatment.
15. On December 14, 2006, based upon plaintiff's level of pain, decreased range of motion, and weakness of pinch and grip, Dr. Thompson assigned plaintiff a permanent partial impairment rating of 25% to the left upper limb for plaintiff's wrist fracture sustained on June 16, 2005.
16. Plaintiff incurred $33,872.86 in medical expenses with the following providers: Glenville/Cashiers EMS, WestCare EMS, Harris Regional Hospital, Mission/St. Josephs Hospital, Carolina Mountain Emergency, Asheville Radiology, Mountain Neurology Center, MMH Trauma Surgeons, Asheville Anesthesia, Carolina West Radiology, Blue Ridge Bone and Joint, Swain Medical Center, Swain Hospital, and Hospital Hill Pharmacy.
17. At the time of the accident, plaintiff was earning $16.00 per hour and working 40 hours per week. Plaintiff's average weekly wage was $640.00, yielding a compensation rate of $426.69 per week. An Industrial Commission Form 22 was not provided nor received into evidence. *Page 6 
18. The undersigned find based upon the greater weight of the evidence that defendant Majestic Mountain Construction, Inc. was the general contractor on the job where plaintiff was injured. Majestic Mountain Construction, Inc. failed to carry workers' compensation insurance and failed to require its subcontractor, defendant Randy Alexander, to provide proof of workers' compensation insurance.
19. There is no evidence that Majestic Mountain Construction, Inc. had three or more employees so as to make them subject to the North Carolina Workers' Compensation Act, however, pursuant to N.C. Gen Stat. § 97-19, they were required to have workers' compensation insurance to cover their subcontractors' employees.
20. Marsha Patterson-Jones was the individual with the responsibility of and authority to bring her company, Majestic Mountain Construction, Inc., into compliance with the North Carolina Workers' Compensation Act.
21. Randy Alexander had three or more employees from at least May 5, 2005 through June 16, 2005, which is 43 days, and did not have workers' compensation insurance as required by the North Carolina Workers' Compensation Act. Randy Alexander was the person with the ability and authority to bring his business into compliance with the Act.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the undersigned makes the following:
 CONCLUSIONS OF LAW
1. All parties are properly before the Industrial Commission, are subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and the Commission has jurisdiction over the parties and the subject matter of this case. N.C. Gen Stat. § 97-2. *Page 7 
2. On June 16, 2005, an employment relationship existed between plaintiff and defendant Randy Alexander, who was a subcontractor to defendant Majestic Mountain Construction, Inc., the general contractor on the job where plaintiff's injury occurred. Defendant Majestic Mountain Construction, Inc. did not obtain proof of insurance from defendant subcontractor Randy Alexander and, therefore, is plaintiff's statutory employer and liable for any injuries sustained by their subcontractor's employees. N.C. Gen Stat. §§ 97-2, 97-19.
3. On June 16, 2005, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant Randy Alexander. N.C. Gen Stat. § 97-2.
4. Plaintiff had an average weekly wage of $640.00, yielding a compensation rate of $426.69 per week. N.C. Gen. Stat. § 97-2.
5. Plaintiff is entitled to have defendants Randy Alexander and Majestic Mountain Construction, Inc. pay him temporary total disability benefits from June 16, 2005 through April 26, 2006 when he was released from medical care and began new employment. N.C. Gen. Stat. § 97-29.
6. Plaintiff is entitled to have defendants Randy Alexander and Majestic Mountain Construction, Inc. pay him permanent partial disability benefits for his 25% impairment rating to his left arm. N.C. Gen. Stat. § 97-31(13).
7. Plaintiff is entitled to have defendants Randy Alexander and Majestic Mountain Construction, Inc. pay for all medical treatment reasonably related to his compensable injury by accident to the extent that it tends to effect a cure, give relief, or lessen plaintiff's disability. N.C. Gen. Stat. §§ 97-25; 97-25.1.
8. Plaintiff's medical treatment for his June 16, 2005 compensable injury was reasonably required to affect a cure, give relief or lessen plaintiff's period of disability. Plaintiff *Page 8 
is entitled to have defendants Randy Alexander and Majestic Mountain Construction, Inc. pay for all medical treatment and allowable travel expenses causally related to his compensable injury by accident. N.C. Gen. Stat. § 97-25.1.
9. Any employer required to secure the payment of compensation who refuses or neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) for each employee, but not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for each day of such refusal or neglect, and until the same ceases. N.C. Gen. Stat. § 97-94(b).
10. Any person who, with the ability and authority to bring an employer in compliance with N.C. Gen. Stat. § 97-93, willfully fails to bring the employer in compliance shall be guilty of a Class H felony. Any person, who, with the ability and authority to bring an employer in compliance with N.C. Gen. Stat. § 97-93, neglects to bring the employer in compliance, shall be guilty of a Class 1 misdemeanor. Any person who violates this subsection may be assessed a civil penalty by the Commission in an amount up to one hundred percent (100%) of the amount of any compensation, indemnity and/or medical, due the employers' employees injured during the time the employer failed to comply with N.C. Gen. Stat. § 97-93. N.C. Gen. Stat. § 97-94(d).
11. Defendant Randy Alexander had three or more employees from at least May 5, 2005 through June 16, 2005, which is 43 days, and did not have workers' compensation insurance as required by the Act. Defendant Randy Alexander was the person with the ability and authority to bring his business into compliance with the Act.
12. Defendant Majestic Mountain Construction, Inc. did not have three or more employees so as to make them subject to the Act; however, pursuant to N.C. Gen Stat. § 97-19, it *Page 9 
was required to have workers' compensation insurance to cover its subcontractors' employees since it did not require proof of insurance from defendant Randy Alexander for the 43 days that he worked for Majestic Mountain Constructions, Inc. Marsha Patterson-Jones was the person with the ability and authority to bring her company, Majestic Mountain Construction, Inc., into compliance with the Act.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Defendants Randy Alexander and Majestic Mountain Construction, Inc. shall pay plaintiff temporary total disability benefits from June 16, 2005 through April 26, 2006, which amounts to 45 weeks or $19,201.05, subject to an attorney's fee set out below.
2. Defendants Randy Alexander and Majestic Mountain Construction, Inc. shall pay plaintiff permanent partial disability benefits for his 25% impairment rating to his left arm, which amounts to 60 weeks or $25,601.40, subject to an attorney's fee set out below.
3. Defendants Randy Alexander and Majestic Mountain Construction, Inc. shall pay for all medical expenses incurred by plaintiff as a result of the compensable injuries. This includes payment for treatment provided by: Glenville/Cashiers EMS, WestCare EMS, Harris Regional Hospital, Mission/St. Josephs Hospital, Carolina Mountain Emergency, Asheville Radiology, Mountain Neurology Center, MMH Trauma Surgeons, Asheville Anesthesia, Carolina West Radiology, Blue Ridge Bone and Joint, Swain Medical Center, Swain Hospital, and Hospital Hill Pharmacy. *Page 10 
4. A reasonable attorney's fee in the amount of 25% of the compensation awarded to plaintiff in paragraphs 1 and 2 of this Award is hereby approved for plaintiff's counsel and shall be deducted from the compensation due plaintiff and paid directly to plaintiff's attorney.
5. The order of exhaustion of this Award pursuant to N.C. Gen. Stat. § 97-19 shall be Randy Alexander, the employer, followed by Majestic Mountain Construction, Inc., the statutory employer.
6. Defendant's counsel shall send a copy of this decision to all healthcare providers listed in paragraph 16 of the findings of fact. The healthcare providers with outstanding bills in this matter shall not seek to obtain collection of these bills from Darrell Thompson. Collection should be directed at Defendant Randy Alexander at 188 Wabash Drive, Sylva, North Carolina 28779 and Defendant Majestic Mountain Construction, Inc., Attention: Marsha Patterson-Jones, 92-3 Shoppes on the Green, Cashiers, North Carolina 28717. Failure to comply with this Order by the healthcare providers and their collection agencies will result in the initiation of contempt proceedings against persons in violation of this Order.
7. Pursuant to N.C. Gen. Stat. § 97-94(b), a penalty of $50.00 per day is assessed against defendant Randy Alexander for failing to secure workers' compensation insurance from at least May 5, 2005 through June 16, 2005. This amounts to 43 days without workers' compensation insurance. A check in the amount of $2,150.00 shall be made payable to the North Carolina Industrial Commission and sent directly to Assistant Attorney General Tracy Curtner at the Fraud Unit of the North Carolina Industrial Commission.
8. Pursuant to N.C. Gen. Stat. § 97-94(d), an additional penalty of 100% of the amount of medical and indemnity compensation due to plaintiff in this matter is assessed against defendant Randy Alexander for failing to comply with N.C. Gen. Stat. § 97-93. A check in the *Page 11 
amount of $78,675.31 (TTD-$19,201.05 + PPD-$25,601.40 + Meds-$33,872.86 = $78,675.31) shall be made payable to the North Carolina Industrial Commission and sent directly to Assistant Attorney General Tracy Curtner at the Fraud Unit of the North Carolina Industrial Commission.
9. Pursuant to N.C. Gen. Stat. § 97-94(b), a penalty of $50.00 per day is assessed against Defendant Majestic Mountain Construction, Inc. for failing to secure workers' compensation insurance from at least May 5, 2005 through June 16, 2005. This amounts to 43
days without workers' compensation insurance. A check in the amount of $2,150.00 shall be made payable to the North Carolina Industrial Commission and sent directly to Assistant Attorney General Tracy Curtner at the Fraud Unit of the North Carolina Industrial Commission.
10. Pursuant to N.C. Gen. Stat. § 97-94(d), an additional penalty of 100% of the amount of the medical and indemnity compensation due to plaintiff in this matter is assessed against defendant Marsha Patterson-Jones for failing to bring Majestic Mountain in to compliance with N.C. Gen. Stat. § 97-93. A check in the amount of $78,675.31 (TTD-$19,201.05 + PPD-$25,601.40 + Meds-$33,872.86 = $78,675.31) shall be made payable to the North Carolina Industrial Commission and sent directly to Assistant Attorney General Tracy Curtner at the Fraud Unit of the North Carolina Industrial Commission.
11. Defendants shall pay the costs of this action.
This the 19th day of November, 2007.
S/___________________ BUCK LATTIMORE COMMISSIONER
CONCURRING:
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1